**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | No. 25-50584 |
| | ) | |
| Susanne P. Wahba | ) | Chapter 11 |
| | ) | |
| Debtor | ) | July 23, 2025 |

## MOTION TO EXTEND AUTOMATIC STAY

Pursuant to 11 U.S.C. §362(c)(3) and Local Rule 4001-2, Debtor files this Motion to Extend the Automatic Stay as to all creditors for the duration of this case, as follows:

1. Debtor previously filed for relief under Chapter 11 of the Bankruptcy Code on November 14, 2024 (ECF 1).

2. Debtor has had one bankruptcy case pending in the past year, namely Case No. 24-50786, filed on November 14, 2024.  The United States Trustee's Office moved to dismiss that case (ECF 13) for Debtor's failure to provide proof of insurance for her residence, 111 Byram Shore Road, Greenwich CT (the "Property").  The Property was insured, proof of which was provided to the Attorney for the United States Trustee.  *See* Affidavit.  The Court ultimately granted the motion on December 12, 2024 (ECF 36), based on Debtor's failure to provide proof she had opened a Debtor In Possession Account.

3. As set forth in the supporting Affidavit, Debtor however, Debtor's attorney's Motion for Relief from Judgment (ECF 38) provided proof of the opening of such account to the United States Trustee's Office prior to that deadline, namely a "Void" specimen check showing the account's "DIP" status.  Unfortunately, the bank statements for that account did not show that status, leading to the dismissal of her case.

4. As also set forth in the supporting affidavit, Debtor has experienced a substantial change in her financial affairs since the filing of the 2024 case.  She had filed both the 2024 case

and this case in order to effectuate a sale of the Property in order to maximize her ability to pay her creditors. For this case, however, she is fortunate enough to have the financial assistance of her nephew, which will greatly assist in her prosecution of this case. In addition, she listed the property for sale in March of this year, which has generated market interest.

5. Debtor will shortly be making application to retain that broker in this case, as well as counsel. In addition, she has provided proof of current insurance to the Office of the Untied States Trustee, and has opened her DIP account. She has also filed her schedules, statement of financial affairs, and all related documents, and will otherwise fulfill all of her obligations as a Debtor In Possession. Debtor will also be making adequate protection payments to her first mortgagee, JP Morgan Chase Bank. She respectfully requests the opportunity to continue prosecuting this case so she can pay her creditors.

6. Debtor has attached the supporting affidavit to this Motion required by Local Rule 4001-2.

**WHEREFORE**, pursuant to 11 U.S.C. Sec. §362(c)(3) and Local Rule 4001-2, Debtor respectfully requests that this Court grant the Debtor's Motion to Extend the Automatic Stay and extend the automatic stay to all creditors in this case for the duration of this case, and for any other relief deemed just and equitable.

**DEBTOR**

BY: __/s/ Scott M. Charmoy__
Scott M. Charmoy, Esq.    CT15889
Charmoy & Charmoy, LLC
1465 Post Road East, Suite 100
Westport, CT  06880
(203) 255-8100
scottcharmoy@charmoy.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | No. 25-50584 |
| | ) | |
| Susanne P. Wahba | ) | Chapter 11 |
| | ) | |
| Debtor | ) | |

**ORDER ON MOTION TO REIMPOSE AUTOMATIC STAY**

The foregoing Motion to Reimpose Automatic Stay pursuant to 11 U.S.C. §362(c)(3) and Local Rule 4001-2, having been considered by the Court at a hearing held on _____, and it appearing same should be granted, is hereby **GRANTED**, and the automatic stay provided for by §362 is hereby extended to all creditors in this case for the duration of this case.