**United States Bankruptcy Court**

**District of Connecticut**

In re:
Susanne P. Wahba

Debtor*

Case Number: 25-50584

Chapter: 11

**ORDER GRANTING DEBTOR'S MOTION TO DISMISS CASE AND DISMISSING CASE WITH PREJUDICE**

On September 4, 2025, Susanne P. Wahba (the "Debtor") filed a Motion to Dismiss Case pursuant to 11 U.S.C. § 1112(b)(1) (the "Motion to Dismiss," ECF No. 37) and a Motion to Expedite Hearing on the Motion to Dismiss (the "Motion to Expedite," ECF No. 38.) On September 5, 2025, the Court granted the Motion to Expedite. (ECF No. 39.) The Debtor filed a certificate of service demonstrating that all creditors and parties in interest were served with the Motion to Dismiss and Order Granting Motion to Expedite. (ECF No. 40.)

A hearing on the Motion to Dismiss was held on September 9, 2025. Counsel for Debtor and the Office of the United States Trustee appeared at the hearing. During the hearing, the Debtor argued that this case should be dismissed for cause because she is unable to confirm a Chapter 11 plan. The Office of the United States Trustee did not oppose the Motion to Dismiss, but did request that the case be dismissed with prejudice to bar the Debtor from filing a subsequent bankruptcy petition a period of 180 days.

Although dismissal of a bankruptcy case is generally without prejudice, 11 U.S.C. § 349(a) "at the same time expressly grants a bankruptcy court the additional authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999). In *Casse*, the United States Court of Appeals for the Second Circuit recognized that filing a bankruptcy petition "merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code." 198 F.3d at 332 (citation omitted). The Second Circuit concluded that in appropriate circumstances, bad faith can be a basis to dismiss a case with prejudice. *Id*. at 341–42.

During this case, the Court previously found that the Debtor was unable to rebut the presumption that this case was not filed in good faith pursuant to 11 U.S.C. § 362(c)(3)(B). (*See* Order Denying Motion to Extend Stay After Hearing, ECF No. 29.) The statutory presumption that the Debtor's case was not filed in good faith set forth in 11 U.S.C. § 362(c)(3)(B) supports a finding of cause to dismiss Debtor's case with prejudice.

Furthermore, additional cause exists which supports dismissal with prejudice. The Debtor's only asset listed on her Schedule A/B is real property commonly known as 11 Byram Shore Road, Greenwich, Connecticut (the "Property"). The Property is the subject of a foreclosure action in the Connecticut Superior Court in which the Debtor, represented by counsel, entered into a stipulated judgment of foreclosure by sale which, among other things, established (i) the fair market value of the Property at $8,500,000.00; (ii) the total debt owed to the foreclosing plaintiff of $7,585,591.31; and (iii) a sale to be held on July 26, 2025. *See Wahba, Susanne v. JPMorgan Chase Bank, N.A.*, Dkt No. FST-CV13-6019828-S (Conn. Sup. Ct. May 12, 2025), Entry No. 266.04. The stipulated foreclosure by sale did not occur because the Debtor filed this case shortly before the stipulated sale date on July 18, 2025, which invoked the automatic stay.

Despite entering into the stipulated judgment of foreclosure by sale, the Debtor filed a motion to employ a real estate broker in this Chapter 11 case to sell the Property in this Court. However, the stipulated state court judgment of foreclosure by sale "shall have the same full faith and credit" in this Court, and in every court, as it does in the state court. 28 U.S.C. § 1738. Rather than the Debtor's requested relief being barred under the *Rooker-Feldman* doctrine for seeking a "re-do" of the stipulated judgment, the Court is persuaded by the analysis of the United States Court of Appeals for the Third Circuit and finds that the Debtor's motion to employ a real estate broker to sell the Property in this Court is

precluded. *In re Adams*, __ F.4th __, No. 24-1212, 2025 WL 2525854, at *3 (3d Cir. Sept. 3, 2025). The stipulated judgment of foreclosure by sale was valid, final, and agreed upon between the Debtor and the plaintiff in the state foreclosure action. Therefore, the Debtor is precluded from re-litigating the stipulated judgment under the doctrine of claim preclusion. Furthermore, this Court has previously noted that the bankruptcy court is not a court of appeals of state court proceedings. *In re Conrad*, 644 B.R. 20, 26 (Bankr. D. Conn. 2020). Accordingly, it is hereby

**ORDERED:** Pursuant to 11 U.S.C. § 1112(b)(1), the Motion to Dismiss is **GRANTED** and the Debtor's case is dismissed; and it is further

**ORDERED**: Pursuant to 11 U.S.C. § 349(a), cause exists to dismiss the Debtor's case with prejudice to filing a subsequent petition under any chapter of the Bankruptcy Code within 180 days from the date of the entry of this Order.

BY THE COURT

Dated: September 18, 2025

Julie A. Manning
United States Bankruptcy Judge
District of Connecticut

United States Bankruptcy Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

*For the purposes of this order, "Debtor" means "Debtors" where applicable.